247 So.2d 383

**Andrew PRESTIDGE**

v.

**STATE.**

**6 Div. 130.**

Court of Criminal Appeals of Alabama.

March 23, 1971.

Rehearing Denied April 6, 1971.

Richard A. Thompson, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

Section 369, Title 15, Code of Alabama of 1940, pertaining to appeals in habeas corpus cases provides: "(T)he clerk of the court from which the appeal is taken shall forward a transcript of the record and a certificate of appeal to the supreme court or court of appeals, together with a transcript of the evidence and the judge's ruling thereon, *which shall be certified to be correct by the judge or officer hearing the petition.*"

This is a proceeding under Section 3, Title 15, Code, supra. Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757, indicates that certification of the transcript is required in such proceedings.

There is no certificate of the judge in the record before us. The requirement as to certification of the transcript of the record is mandatory. Failure to comply therewith requires dismissal of the appeal. McTyre v. State, 258 Ala. 637, 64 So.2d 601; Robertson v. State, 263 Ala. 309, 82 So.2d 403.

This appeal is due to be dismissed. It is so ordered.

Appeal dismissed.