SIMMONS, Retired Circuit Judge.
Appellant, an indigent with temporary residence in the penitentiary, filed a pro se instrument in the circuit court which he and his appointed counsel, on inquiry by the court, asserted to the court that it was a petition for a writ of habeas corpus and asked that it be so treated. The court acted according to the request and treated it as a habeas corpus proceeding. We, of course, follow the court’s ruling.
It appears from the record that defendant was convicted on three different indictments: (a) forgery of a deed; (b) false pretense; and (c) another charge of false pretense. He entered pleas of guilty.
Defendant’s petition was denied by the court and this appeal follows the judgment.
Comes the State by motion and moves this court to strike the court reporter’s transcript of the evidence because it does not contain a certificate or statement by the judge who heard the petition that the transcript of the evidence is correct.
The State also moves this court to dismiss the appeal and-as grounds therefor asserts the same grounds as stated to strike the transcript of evidence.
Both motions have merit.
Section 369, Title 15, Code of Alabama, 1940, as amended, (d) contains a mandatory provision that the transcript of the evidence shall be certified to be correct by the judge or the officer hearing the petition. No such certificate was appended.
Failure to comply with this mandatory provision, supra, requires that the motions of the State be granted and that the transcript of the evidence be stricken and the appeal dismissed. It is so ordered. Robertson v. State, 263 Ala. 309, 82 So.2d 403; Prestidge v. State, 46 Ala.App. 627, 247 So.2d 383.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
MOTIONS GRANTED; RECORD STRICKEN; APPEAL DISMISSED.
All the Judges concur.